**No. 17-1904**

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

WAYMO LLC,

*Plaintiff-Appellee,*

*v.*

UBER TECHNOLOGIES, INC.,
OTTO TRUCKING LLC, and OTTOMOTTO LLC,

*Defendants,*

ANTHONY LEVANDOWSKI,

*Intervenor-Appellant*.

---

Appeal from the United States District Court for the
Northern District of California in Case No. 3:17-CV-00939,
Judge William H. Alsup

---

# PLAINTIFF-APPELLEE WAYMO LLC'S OPPOSITION TO EMERGENCY MOTION TO STAY PENDING RESOLUTION OF APPEAL

Charles K. Verhoeven
David A. Perlson
Melissa Baily
John Neukom
Jordan Jaffe
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
(415) 875-6600

April 13, 2017

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, counsel of record for Plaintiff-Appellee Waymo LLC certifies as follows:

1. The full name of every party represented by our firm is: Waymo LLC.

2. The names of the real party in interest represented by our firm are: Not applicable.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties represented by our firm are: Waymo LLC's managing member is Waymo Holding Inc., accordingly, Waymo Holding Inc. has more than 10% ownership of Waymo LLC; Waymo Holding Inc. is a wholly owned subsidiary of Google Inc., accordingly, Google Inc. has more than 10% ownership of Waymo Holding Inc.; and Google Inc. is a wholly owned subsidiary of Alphabet Inc., accordingly, Alphabet Inc. has more than 10% ownership of Google Inc.

4. The names of all law firms and the partners or associates that appeared for the party represented by us in the trial court, or are expected to appear in this Court and who are not already listed on the docket for the current case:

   Charles Kramer Verhoeven
   David Andrew Perlson
   Melissa J Baily
   John M. Neukom
   Jordan Ross Jaffe
   Andrew Michael Holmes
   James Dubois Judah
   Lindsay Cooper
   Jeffrey William Nardinelli
   John William McCauley, IV
   Felipe Corredor
   Grant Nicholas Margeson
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
   50 California Street, 22nd Floor
   San Francisco, CA 94111
   (415) 875-6600
   Fax: (415) 875-6700

Dated: April 13, 2017

/s/ David A. Perlson

Charles K. Verhoeven
David A. Perlson
Melissa Baily
John Neukom
Jordan Jaffe
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
(415) 875-6600

# TABLE OF CONTENTS

**Page**


CERTIFICATE OF INTEREST ..... i

TABLE OF CONTENTS ..... iii

TABLE OF AUTHORITIES ..... iv

INTRODUCTION ..... 1

BACKGROUND ..... 2

A. Waymo's Investment in Self-Driving Technology ..... 2

B. Waymo Moves for a Preliminary Injunction to Halt Uber's Misappropriation of its Trade Secrets ..... 3

C. Waymo Uncovers Additional Evidence of Uber's Wrongdoing ..... 5

D. Levandowski Asserts the Fifth Amendment Privilege Against Self-Incrimination ..... 6

E. Current Case Status ..... 8

ARGUMENT ..... 8

A. Levandowski Fails To Show A Likelihood Of Success ..... 9

B. Levandowski Fails To Show Irreparable Harm ..... 19

C. A Stay Would Substantially Injure Waymo ..... 20

D. The Public Interest Does Not Support A Stay ..... 22

CONCLUSION ..... 22

CERTIFICATE OF COMPLIANCE ..... 23

CERTIFICATE OF SERVICE ..... 24

# TABLE OF AUTHORITIES

**Page**

## Cases

*Beard v. United States*,
451 F. App'x 920 (Fed. Cir. 2011) ....... 8

*Braswell v. United States*,
487 U.S. 99 (1988) ....... 12

*Chrimar Systems Inc. v. Cisco Systems Inc.*,
No. 13-cv-01300, 2016 WL 1595785 (N.D. Cal. Apr. 21, 2016) ....... 18

*Church of Scientology of California v. United States*,
506 U.S. 9 (1992) ....... 9

*First USA Bank, N.A. v. Paypal, Inc.*,
76 Fed. App'x 935 (Fed. Cir. 2003) ....... 11

*Fisher v. United States*,
425 U.S. 391 (1976) ....... 1, 13, 14

*In re Fustolo*,
No. 13-12692-JNF, 2015 WL 9595421 (Bankr. D. Mass. Dec. 31, 2015) ....... 19

*Go v. Rockefeller Univ.*,
280 F.R.D. 165 (S.D.N.Y. 2012) ....... 18

*In re Grand Jury*,
705 F.3d 133 (3d Cir. 2012) ....... 11

*In re Grand Jury Subpoena Issued to Bailin*,
51 F.3d 203 (9th Cir. 1995) ....... 10

*Hilton v. Braunskill*,
481 U.S. 770 (1987) ....... 8

*Knoll Pharm. Co. v. Teva Pharm. USA, Inc.*,
138 F. App'x 302 (Fed. Cir. 2005) ....... 10

*Mohawk Indus., Inc. v. Carpenter*,
558 U.S. 100 (2009) ....... 11

*In re Motor Fuel Temp. Sales Practices Litig.*,
641 F.3d 470 (10th Cir. 2011) ....... 10

*In re Nat'l Mortg. Equity Corp Mortg. Pool Certificates Litig.*,
857 F.2d 1238 (9th Cir. 1988) ....... 10

*Nidec Corp. v. Victor Co. of Japan*,
249 F.R.D. 575 (N.D. Cal. 2007)....................................................................18

*In re Pacific Pictures Corp.*,
679 F.3d 1121 (9th Cir. 2012) ......................................................................16

*Perlman v. United States*,
247 U.S. 7 (1918)............................................................................1, 9, 10, 11

*Richmark Corp. v. Timber Falling Consultants*,
959 F.2d 1468 (9th Cir. 1992) ......................................................................12

*In re Sealed Case*,
716 F.3d 603 (D.C. Cir. 2013)......................................................................11

*In re Syncor ERISA Litig.*,
229 F.R.D. 636 (C.D. Cal. 2005)..............................................................17, 19

*United States SEC v. Chin*,
No. 12-cv-01336-PAB-BNB, 2012 U.S. Dist. LEXIS 182252
(D. Colo. Nov. 29, 2012) ..............................................................................19

*United States v. Bright*,
596 F.3d 683 (9th Cir. 2010) ...................................................................14, 19

*United States v. Doe*,
465 U.S. 605 (1984)......................................................................................12

*United States v. Hubbell*,
530 U.S. 27 (2000)........................................................................................12

*United States v. Krane*,
625 F.3d 568 (9th Cir. 2010) ........................................................................11

*United States v. Richey*,
632 F.3d 559 (9th Cir. 2011) ...................................................................15, 18

*United States v. Sideman & Bancroft, LLP*,
704 F.3d 1197 (9th Cir. 2013) ...........................................................12, 13, 14

*United States v. Thompson*,
562 F.3d 387 (D.C. Cir. 2009)......................................................................11

*Upjohn Co. v. United States*,
449 U.S. 383 (1981)......................................................................................15

*Wilson v. O'Brien*,
621 F.3d 641 (7th Cir. 2010) ........................................................................11

**Statutes**

28 U.S.C. § 1291 .......... 9
28 U.S.C. § 1292 .......... 9

# INTRODUCTION

Intervenor Anthony Levandowski moves for a stay pending his appeal of a discovery order requiring the defendant in this case, Uber Technologies, Inc. ("Uber"), to produce an unredacted privilege log. Such a stay is unwarranted because the appeal is baseless and the delay would substantially disrupt the district court's schedule, which the court expedited precisely because it has recognized the need to adjudicate now Waymo's claims that it is suffering continuing, irreparable harm from Uber's violation of Waymo's rights.

To begin with, this Court lacks jurisdiction over Levandowski's appeal of an interlocutory discovery order. Levandowski argues that there is jurisdiction under *Perlman v. United States*, 247 U.S. 7 (1918). But courts uniformly reject the application of *Perlman* to cases where the custodian of the documents is (as here) an interested party in the case. They also uniformly hold that *Perlman* applies only in the criminal context. Levandowski cites no cases to the contrary.

Even if this Court had jurisdiction, the district court correctly rejected Levandowski's arguments on the merits—and certainly did not abuse its broad discretion in managing discovery disputes. As the district court explained and the Supreme Court made perfectly clear in *Fisher v. United States*, 425 U.S. 391 (1976), the Fifth Amendment privilege against self-incrimination does not apply to

documents held by someone other than the person asserting the privilege. Dkt. 202 at 6-8. Moreover, the district court correctly found that attorney-client privilege does not apply to the information that would go into the privilege log because that information was not a communication made to an attorney for the purpose of providing legal advice. *Id.* at 8-11. Levandowski's motion fails to address either of these critical deficiencies. Nor does it explain how a court can determine whether the prerequisites for any privilege are satisfied without a proper privilege log.

The equities also strongly support the denial of a stay here. Even a short delay would substantially disrupt the district court's schedule for deciding Waymo's motion for a preliminary injunction. The result would be that Uber can continue to violate Waymo's rights in a nascent industry where speed of innovation is crucial, just so that a third party can bring a meritless interlocutory appeal of a discovery issue. Accordingly, this Court should deny the motion for a stay.

## BACKGROUND

### A. Waymo's Investment in Self-Driving Technology

Google Inc. ("Google") launched its self-driving car project in 2009 and has been the industry leader in self-driving hardware and software ever since. Dkt. 25-

3 at 2-3. In 2016, Google's self-driving car project became Waymo.[1] *Id.* at 3. Waymo has dedicated significant resources in the development of self-driving car technology, and has developed its own, custom-built LiDAR laser system to provide the "vision" for its autonomous vehicles. *Id.* Waymo's proprietary LiDAR systems are uniquely high-performing and low-cost, less than one-tenth the cost of commercially available LiDAR systems. *Id.* at 4.

Uber, by contrast, was a late entrant in the field of self-driving technology, starting in 2015. *Id.* at 6-7. Although Uber is developing its own LiDAR system in-house, Uber is still using off-the-shelf LiDAR technology provided by third parties in all of the self-driving vehicles it has on the roads today. Dkt. 173-4 at 5.

### B. Waymo Moves for a Preliminary Injunction to Halt Uber's Misappropriation of its Trade Secrets

Waymo initiated an action for trade secret misappropriation, patent infringement, and unfair competition against Uber, Ottomotto LLC, and Otto Trucking LLC (together, "Otto") on February 23, 2017. Dkt. 1. A central allegation of Waymo's case is that Levandowski, a former manager of Waymo's self-driving car project—now leading the same effort for Uber—took extraordinary efforts to raid Waymo's design server, download more than 14,000 highly confidential and proprietary design files, and then conceal his efforts, all shortly

[1] Further references to "Waymo" refer to the self-driving car project from its inception in 2009 to the present.

before his resignation. Dkt. 1 ¶ 4. The 14,000 files that Levandowski downloaded include, among other things, highly confidential design schematics for Waymo's LiDAR circuit boards. *Id.*

After downloading 14,000 confidential design files from Waymo's server, Levandowski launched a competing self-driving venture and sold it to Uber in short order. While Levandowski was still at Waymo, he founded a company called "280 Systems," which later became Otto. Dkt. 25-3 at 7. At Waymo, Levandowski confided in his Waymo colleagues that he planned to "replicate" Waymo's technology at a competitor. *Id.* at 8. Levandowski officially launched 280 Systems on January 15, 2016, twelve days before he resigned from Waymo. Dkt. 23 ¶ 49. 280 Systems became Ottomotto LLC, but remained in stealth mode for several months. *Id.* On February 1, Levandowski launched Otto Trucking LLC, which similarly remained in stealth mode for several months. *Id.* Uber acquired both Otto entities six months later for $680 million. *Id.* ¶ 55. As part of the acquisition Levandowski became the head of the self-driving car project at Uber. *Id.* ¶ 56.

Waymo moved for a preliminary injunction on March 10, 2017 to prevent Uber from "accessing, using, imitating, copying, disclosing, or making available" any of Waymo's trade secrets; to prevent Uber from "making, using, selling, or offering to sell devices that infringe claims 1 or 13 of United States Patent No.

8,836,922 and claims 1 or 14 of U.S. Patent No. 9,285,464"; and to compel the return of "all Waymo confidential information in [Uber's] possession or control, including the 14,000+ documents unlawfully taken from Waymo by Mr. Anthony Levandowski." Dkt. 25-3 at 25.

### C. Waymo Uncovers Additional Evidence of Uber's Wrongdoing

Uber has argued that it "acquired Ottomotto for its expert personnel, not trade secrets." Dkt. 177 at 4. However, as of February 1, 2016, Otto appears to have had a total of four employees: Lior Ron (a former Google Maps executive), Rhian Morgan (Ottomotto's Human Resources Lead), Asheem Linaval (a former Google contractor), and Levandowski. Dkt. 27-32 at 55; Dkt. 177-1 ¶¶ 3-4; Dkt. 177-5 ¶¶ 2-3; Dkt. 187. According to public media reports, Levandowski "began appearing at Uber's Pittsburgh offices, where it develops self-driving technology, between February and March 2016." Johana Bhuiyan, *The exec at the center of Alphabet's Uber lawsuit worked for Uber earlier than we thought*, RECODE (Mar. 14, 2017), https://www.recode.net/2017/3/14/14923056/uber-google-waymo-self-driving-anthony-levandowski-travis-kalanick.

By March 4, 2016, Uber and Otto hired a third party to conduct a "Due Diligence Investigation." 4/6/17 Privilege Log (attached as Ex. A), Entry 4. The Due Diligence Investigation resulted in a Due Diligence Report with 41 attachments. Dkt. 169 at 37:19-21; Ex. A. On April 11, Uber, Otto, Levandowski,

and Otto co-founder Lior Ron (along with their attorneys) entered into a "Joint Defense, Common Interest and Confidentiality Agreement" ("Uber-Otto JDA"). Dkt. 147-1 at 2.

### D. Levandowski Asserts the Fifth Amendment Privilege Against Self-Incrimination

As part of the expedited discovery that the district court authorized in connection with Waymo's motion for a preliminary injunction and agreed to by Uber, the district court on March 16, 2017 ordered Uber to produce "all files and documents downloaded by Anthony Levandowski … before leaving plaintiff's payroll and thereafter taken by [him,]" and "the card reader, thumb drive, or other media used for the downloads, as well as all subsequent emails, memoranda, PowerPoints, text messages, or notes that have forwarded, used, or referred to any part of said downloaded material" by March 31, 2017. Dkt. 61 ¶ 4.

On March 28, 2017, Uber and Levandowski, who by then had obtained separate counsel, requested a non-public conference with the district court to discuss a "confidential matter." Dkt. 122 at 1. During that conference, counsel for Levandowski asserted Levandowski's Fifth Amendment right against self-incrimination in an effort to block Uber from revealing the identity of the third party that prepared the Due Diligence Report, *see* Dkt. 131 at 13:2-5, and to prevent Waymo from discovering "any documents [Levandowski] may possess

and control that are of relevance to this action." *Id.* at 5:14-18. The court ordered briefing on the issue. *See* Dkt. 132.

On April 5, 2017, Levandowski filed a motion to intervene for the limited purpose of litigating and appealing this issue, Dkt. 151, which the district court granted, Dkt. 167. Levandowski also filed a motion to modify the district court's March 16 discovery order, prohibit Uber from disclosing "any information provided by Mr. Levandowski in the course of the Joint Defense and Common Interest Agreement entered into by Mr. Levandowski and Uber," and prohibit Uber from disclosing "information concerning the due diligence review conducted by a third party under that agreement." Dkt. 147 at 2.

During a hearing on Levandowski's motion, on April 6, 2017, Levandowski turned over for *in camera* review a proposed privilege log containing 42 specific line items that Levandowski would partially redact, all of which concern the Due Diligence Report. Dkt. 202 at 5. According to the district court's summary, the "proposed redactions would conceal the identity of the third party that prepared the report, as well as descriptions of items reviewed during its preparation." *Id.* The district court also explained that "[e]ven in its unredacted form some questions would remain (such as why the report was prepared, whether it referenced any of the downloaded files, and for what purpose each recipient used it)." *Id.* Waymo received a redacted version of the log. *See* Ex. A.

The district court denied Levandowski's motion on April 10, 2017. Dkt. 202. Levandowski filed a notice of appeal of this order on April 11, 2017. Dkt. 213.

### E. Current Case Status

The district court has ordered Uber to provide a complete, unredacted privilege log by April 13, 2017 at 5:00 pm. Dkt. 202 at 12. Waymo must move for production of the Due Diligence Report by April 14 at noon, with briefing on that issue complete by April 25. *Id.* at 12-13. Waymo's reply in support of its motion for a preliminary injunction is due on April 21. Dkt. 61 ¶ 7. The hearing on Waymo's motion for a preliminary injunction was set to take place on May 4, 2017, Dkt. 61 ¶ 9, and has since been moved to May 3, 2017.

## ARGUMENT

"The party requesting a stay [pending appeal] bears the burden of showing that the circumstances justify an exercise of the court's discretion based on consideration of four factors, the first two of which are the most critical: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Beard v. United States*, 451 F. App'x 920, 921 (Fed. Cir. 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770,

776 (1987)). Levandowski fails to satisfy his burden on any (let alone all) of these elements.

**A. Levandowski Fails To Show A Likelihood Of Success**

Levandowski is very unlikely to succeed on this appeal both because this Court lacks jurisdiction and because his arguments fail on the merits.

**1. Jurisdiction**

This Court has no jurisdiction to consider the appeal because there is no final order. The discovery order at issue here is plainly not a final order under 28 U.S.C. § 1291. Nor does it satisfy any of the requirements for interlocutory review under 28 U.S.C. § 1292.

Levandowski argues (Mot. 9) that the *Perlman* exception applies, but this argument is baseless. *Perlman* concerns a party's objection to "a discovery order directed at a disinterested third party." *Church of Scientology of California v. United States*, 506 U.S. 9, 18 n.11 (1992). Here, the custodian of the documents is not a disinterested third party, but the defendant, Uber. Ex. A. That distinction is critical because *Perlman* is based on the idea that "the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *Id.* Here, however, Uber plainly could object to disclosure of the privilege log and risk contempt and it could also appeal the issue at the end of this case. Moreover, Uber is Levandowski's employer and has exactly the same supposed joint defense

privilege that Levandowski is asserting here. Thus, *Perlman* is inapplicable. *See Knoll Pharm. Co. v. Teva Pharm. USA, Inc.*, 138 F. App'x 302, 302-03 (Fed. Cir. 2005) (holding that *Perlman* did not apply where the subject of the document request (Knoll) was a party and thus "it seems clear that Knoll is no 'disinterested' third party"); *In re Grand Jury Subpoena Issued to Bailin*, 51 F.3d 203, 206 (9th Cir. 1995) ("Bailin [the appellant's accountant] is necessarily a party to the relationship upon which Silva's entire claim of privilege is based. It is in precisely these circumstances that a third party *can* be expected to risk contempt in order to protect the privileged relationship.").

Furthermore, *Perlman* applies only in the criminal context, not to civil cases. The Ninth Circuit has expressly held that "*Perlman* does not apply in the context of ongoing civil litigation." *In re Nat'l Mortg. Equity Corp Mortg. Pool Certificates Litig.*, 857 F.2d 1238, 1239 (9th Cir. 1988). Other courts are in accord. *See, e.g.*, *In re Motor Fuel Temp. Sales Practices Litig.*, 641 F.3d 470, 485 (10th Cir. 2011) ("We are aware of no case, however, … that extends *Perlman* beyond criminal grand jury proceedings. We decline to do so here. The underpinnings of the *Perlman* rule—the impossibility of an appeal later on—simply do not apply with equal force to a subpoena directed at a non-party as part of discovery in civil litigation.").

The only cases Levandowski cites regarding *Perlman* are ones where the court decided that *Perlman* did not apply, *see First USA Bank, N.A. v. Paypal, Inc.*, 76 Fed. App'x 935, 936 (Fed. Cir. 2003); *In re Grand Jury*, 705 F.3d 133, 143-44, 149 (3d Cir. 2012), or where the case was a criminal one, *see United States v. Krane*, 625 F.3d 568, 573 (9th Cir. 2010); *United States v. Thompson*, 562 F.3d 387, 392-93 (D.C. Cir. 2009). In short, Levandowski seeks a dramatic expansion to the *Perlman* exception. But the Supreme Court has cautioned: "[T]he class of collaterally appealable orders must remain narrow and selective in its membership. … This admonition has acquired special force in recent years with the enactment of legislation designating rulemaking, not expansion by court decision, as the preferred means for determining whether and when prejudgment orders should be immediately appealable." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 113 (2009) (quotation marks and citations omitted). Thus, courts "would be ill-advised to expand *Perlman*'s scope because its 'Delphic' language is capable of capturing a broad swathe of district court orders without the indicia of finality." *In re Sealed Case*, 716 F.3d 603, 611 (D.C. Cir. 2013); *see also Wilson v. O'Brien*, 621 F.3d 641, 642-43 (7th Cir. 2010) (Easterbrook, C.J.) (questioning *Perlman*'s vitality after *Mohawk*).

### 2. Merits

Even if this Court had jurisdiction, Levandowski's arguments fail on the merits. A district court's discovery order is reviewed for abuse of discretion. *See, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Levandowski cannot show any error in the district court's decision, let alone an abuse of discretion.

*First*, the district court correctly rejected the idea that "compelling *Uber* to complete a conventional privilege log would violate *Levandowski's* Fifth Amendment privilege." Dkt. 202 at 6. The discovery request at issue in this appeal does not concern any proposed production from Levandowski, but rather from Uber. And it is well established that Uber, as a corporation, has no Fifth Amendment privilege. *See Braswell v. United States*, 487 U.S. 99, 105 (1988).

Levandowski's right to avoid incriminating himself has nothing to do with Uber's obligation to produce documents or a privilege log. All of the cases Levandowski cites (Mot. 12) are readily distinguishable because they concern production of documents from the person asserting the privilege. *See United States v. Doe*, 465 U.S. 605, 612 (1984) ("A government subpoena compels *the holder* of the document to perform an act that may have testimonial aspects and an incriminating effect." (emphasis added)); *see also United States v. Hubbell*, 530 U.S. 27, 35-36 (2000); *United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197,

1201-02 (9th Cir. 2013). Levandowski's only argument as to why production from Uber should be considered *self*-incrimination is that Uber's attorneys should be treated as his attorneys under their JDA. But there is no way to test that assertion without a proper privilege log.

Even assuming the JDA did cover the Due Diligence Investigation, the Fifth Amendment right "protects a person *only* against being incriminated by *his own* compelled testimonial communications." *Fisher*, 425 U.S. at 409 (emphases added). And it does *not* apply to production from an attorney of the person invoking the privilege. As *Fisher* held, "compelled production of documents from an attorney does not implicate whatever Fifth Amendment privilege the taxpayer might have enjoyed from being compelled to produce them himself." *Id.* at 402. To be sure, *Fisher* recognized that such a production could implicate attorney-client privilege, but as the district court explained, Levandowski "erroneously conflates the Fifth Amendment and attorney-client privileges." Dkt. 202 at 8; *see also Fisher*, 425 U.S. at 396 ("[I]t is not the [client's] Fifth Amendment privilege that would excuse the Attorney from production.").[2]

---

[2] Levandowski suggests (Mot. 13) that the Ninth Circuit has not taken such a "narrow" view of *Fisher*, but in fact the Ninth Circuit made clear it was "by reason of the attorney-client privilege" that the attorney could withhold the documents. *Sideman*, 704 F.3d at 1202 (quoting *Fisher*, 425 U.S. at 405). Levandowski also misrepresents *Sideman* in suggesting (Mot. 12) that Waymo has the burden to disprove the Fifth Amendment privilege. *Sideman* states only that the person opposing the privilege "bears the burdens of production and proof on

*Second*, even if Levandowski could make a claim for a Fifth Amendment privilege against Uber's disclosure of information—which, as discussed above, he cannot—the district court correctly held, after reviewing the requested redactions to the privilege log *in camera*, that "none of the information at issue constitutes self-incriminating testimony, implicit or otherwise, from *Levandowski*." Dkt. 202 at 11. While Waymo has not had the opportunity to review the unredacted privilege log, there is no logical reason why the information in the log would incriminate Levandowski. Levandowski and Uber have already conceded the existence and authenticity of the Due Diligence Report by, for example, acknowledging that "prior to the acquisition of Otto Trucking LLC and Ottomoto LLC, Uber Technologies, Inc. obtained a due diligence report prepared by a third party." Dkt. 147 at 12; *see also id.* at 3. And Uber has conceded that a copy of that Due Diligence Report is in its possession or control, stating that it intends to include the Due Diligence Report on a privilege log. *Id.* at 2; *see also* Ex. A.

Where, as here, the existence, possession or control, and authenticity of the documents are already known, the Fifth Amendment (assuming it applied) would not be implicated by compelled production, as it is a "foregone conclusion" that the government could identify and subpoena the documents at issue. *Fisher*, 425

---

the questions of ... possession[] and existence of the summoned documents." *Sideman*, 704 F.3d at 1202 (quotation marks omitted). Here, possession and existence of the documents are undisputed.

U.S. at 411; *United States v. Bright*, 596 F.3d 683, 692 (9th Cir. 2010). In short, the Fifth Amendment does not prevent disclosure of a privilege log concerning a Due Diligence Report that the public already knows exists, that the public already knows Uber sought, and that the public already knows is in Uber's possession or control.

*Third*, the district court correctly held that attorney-client privilege does not prevent disclosure of the privilege log because there is no plausible basis to find that the information in the log is itself privileged. Dkt. 202 at 8-11. Levandowski "has the burden of establishing the relationship and privileged nature of the communication." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). He has not met that burden. It is well established that "[t]he [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981); *see also Richey*, 632 F.3d at 566 ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice.").

There is no evidence to establish that anything that would go in the privilege log was communicated to Levandowski's attorney, let alone that the communication was for the purpose of obtaining legal advice. As the district court explained, "the identity of the third party that prepared the report is a *fact* known to

Uber, not a communication between Levandowski and his attorney, much less a communication made for the purpose of obtaining legal advice." Dkt. 202 at 9. Moreover, "the motion record fails to show that Levandowski communicated to his attorney in confidence, and for the purpose of obtaining legal advice, either (1) whether the third party reviewed documents in Levandowski's possession, or (2) the identity of any other items in Levandowski's possession reviewed by the third party." *Id.* at 10.

Not only does the evidence fail to show that the general attorney-client privilege applies, there is no evidence to show that the joint-defense privilege in particular applies here. As the district court explained, the JDA does not concern a privilege log or the privilege against self-incrimination. Dkt. 202 at 5-6. In addition, the Due Diligence Investigation began a month prior to the signing of the JDA. *See supra* Background Part C.

Moreover, for the joint defense privilege to attach, "the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement." *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). Levandowski has not even attempted to meet his burden to show that he and Uber actually pursued any common legal strategy. Indeed, Uber has made clear that there is *not* a common legal interest with respect to Levandowski's taking of 14,000+ documents from Waymo, stating that it "is differently situated than Mr.

Levandowski" and that Uber's counsel "obviously ha[s] a conflict" representing both Uber and Levandowski with respect to issues related to those documents. Dkt. 131 at 17:15-20, 35:15-22.[3]

*Fourth*, the district court correctly held that Levandowski has failed to show that the Due Diligence Report *itself* would be covered by attorney-client privilege, and that a privilege log is required to make any such showing. As the district court found, "nothing under oath provides any specific information as to the purpose or subject of the due diligence report (other than, of course, the mere fact that it is described as a 'due diligence report'). This alone should be dispositive." Dkt. 202 at 10. Indeed, the purpose of the report was seemingly to facilitate a business transaction—Uber's purchase of Otto. *See id.* at 2. Such a purpose does not fall within attorney-client privilege. *See, e.g.*, *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 644-45 (C.D. Cal. 2005) (holding that documents prepared during due diligence "solely for the business purpose of a potential merger" "cannot fall within the ambit of the attorney-client privilege").[4]

---

[3] If Uber and Levandowski did have a common legal strategy with respect to the taking of 14,000+ documents from Waymo, the privilege created by the JDA would be defeated by the crime-fraud exception because then the Due Diligence Report was most likely created specifically to avoid disclosure of a crime in the context of legal proceedings like this one. Levandowski argues (Mot. 18-19) that Waymo failed to meet its burden on this issue, but any supposed lack of evidence is a result of the absence of a proper privilege log.

[4] Levandowski cites (Mot. 15) one 30-year-old case and one state-court case supposedly to the contrary, but more recent cases consistently reject the view

In addition, any such privilege would be waived in light of the fact that a third party authored the Due Diligence Report. Dkt. 147 at 3. Disclosure of otherwise privileged communications to third parties waives the privilege. *Richey*, 632 F.3d at 566. Levandowski cannot claim that the third party is somehow covered by the privilege by the expedient of failing to identify the third party. *See, e.g.*, *Chrimar Systems Inc. v. Cisco Systems Inc.*, No. 13-cv-01300, 2016 WL 1595785, at *7 (N.D. Cal. Apr. 21, 2016); *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 175 (S.D.N.Y. 2012).

In any event, the district court correctly held that the only way to know whether the Due Diligence Report and related documents are privileged is a proper privilege log. Dkt. 202 at 5. Levandowski's entire theory rests on the idea that the court should simply take his word for it that the information is privileged. But whether a privilege exists depends on who was communicating to whom and for what purpose. Without a log detailing this information, there is no basis to adjudicate the existence of any privilege. That is why courts routinely require privilege logs, and the Ninth Circuit has held that claims of privilege against the production of particular documents—even under the Fifth Amendment—may require "targeted support" precisely like a privilege log or submission of the

---

that due diligence documents prepared for an acquisition are privileged. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 579-80 (N.D. Cal. 2007) (citing numerous cases).

documents for *in camera* review. *Bright*, 596 F.3d at 691-92.[5] Thus, the district court did not abuse its discretion in properly recognizing that a log is necessary here for it to decide any claim of privilege. As the district court explained, "[t]he system would become compromised and much abused if a party could simply omit privilege log disclosures when informed that the information disclosed might incriminate a wrongdoer." Dkt. 202 at 5.

**B. Levandowski Fails To Show Irreparable Harm**

Levandowski failed to provide any evidence to show that he would be harmed by the disclosure of a privilege log. Levandowski argues (Mot. 20) that a subsequent appeal cannot cure the disclosure of privileged material because the cat would be out of the bag. But this general idea is inapplicable here. As discussed above, Uber has already admitted that the Due Diligence Report exists and is in its possession. The government therefore could subpoena the documents. Thus, regardless of what information is provided in the privilege log, that information would be accessible in any potential criminal case against Levandowski.

---

[5] As the district court explained, the only cases Levandowski cites (Mot. 17) for the proposition that a privilege log may yield to Fifth Amendment rights are readily distinguishable because they only relieved individuals asserting their *own* "Fifth Amendment privilege from the requirement of a detailed privilege log under the specific circumstances of their respective cases." Dkt. 202 at 9; *see also United States SEC v. Chin*, No. 12-cv-01336-PAB-BNB, 2012 U.S. Dist. LEXIS 182252, at *26 (D. Colo. Nov. 29, 2012); *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 649 (C.D. Cal. 2005); *In re Fustolo*, No. 13-12692-JNF, 2015 WL 9595421, at *5 (Bankr. D. Mass. Dec. 31, 2015).

Moreover, even if Levandowski had a valid Fifth Amendment claim to prevent introduction of the documents, he could make that argument in the criminal case. There is no reason why production of a privilege log here would prejudice Levandowski's rights. In addition, as discussed above, Levandowski has failed to satisfy his burden to show that the Due Diligence Report is privileged, and since the report must be disclosed (especially in the absence of a proper privilege log that could show the requirements of privilege are satisfied), the lesser disclosure of a privilege log has no prejudicial effect on Levandowski.

**C. A Stay Would Substantially Injure Waymo**

Levandowski's proposed stay pending appeal would delay proceedings in the district court and thereby cause substantial injury to Waymo. An appeal of this matter could take months even under an accelerated schedule. But Waymo is being injured now by Uber's continuing use of trade secrets taken by Levandowski in a nascent industry where speed of innovation is extraordinarily important.

That is why the district court created an expedited schedule for deciding Waymo's motion for a preliminary injunction, with a hearing set for May 3, 2017. Even a short delay would disrupt this schedule because by April 14, Waymo must submit its motion to compel production of the Due Diligence Report. And by April 21, Waymo needs to submit its reply brief in support of a preliminary injunction. Levandowski asserts (Mot. 20) that the privilege issues can be decided

without the log, but there is no way for a court to determine who made communications and for what purpose—the requirements for privilege to apply—without the log. The log is also necessary for Waymo to complete its discovery, including a potential deposition of Levandowski and the unknown third party that conducted the Due Diligence Report. And contrary to Levandowski's suggestion that "the dispute over Mr. Levandowski's privileges is but a small piece of that larger litigation" (Mot. 20), the Due Diligence Report goes to the heart of the case, as it directly concerns the 14,000+ documents taken by Levandowski and Uber's knowledge of them.

In addition, the disruption of the schedule and harm to Waymo could have been mitigated had Levandowski not delayed in seeking relief in the district court. On March 16, the district court ordered production of all files and documents downloaded by Levandowski, and all documents related to them, by March 31, 2017. Dkt. 61 ¶ 4. Yet Levandowski waited until March 28—nearly two weeks later and just before the deadline—to object. Dkt. 122. Even then, he did not bring a motion, instead raising the issue only in a hearing without notice. Dkt. 131 at 10:20-25. He finally filed a motion on April 4. Dkt. 147. This 19-day delay was unexplained and unnecessary. Even for this motion for a stay pending appeal, Levandowski has inexplicably dragged his feet. In the April 6 hearing, the district court warned Levandowski that an order denying his motion was likely

forthcoming shortly, that he would stay the order for only 24 hours, and that Levandowski should immediately prepare an emergency motion to this Court if he wanted a longer stay. Dkt. 169 at 47:10-19. Yet Levandowski waited until six days after the hearing and two days after the order (and only one day before the privilege log must be served) to file this motion to stay. Levandowski's failure to act promptly despite the need for expedition in this case further shows that the equities do not favor him.

### D. The Public Interest Does Not Support A Stay

There is a strong public interest in ensuring that people who take trade secrets and the companies that employ them are not permitted to benefit from the theft. The prompt adjudication of this suit is necessary to protect that interest.

## CONCLUSION

This Court should deny Levandowski's motion for a stay pending appeal.

Dated: April 13, 2017

Respectfully submitted,

/s/ David A. Perlson
Charles K. Verhoeven
David A. Perlson
Melissa Baily
John Neukom
Jordan Jaffe
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
(415) 875-6600

## CERTIFICATE OF COMPLIANCE

1. This opposition contains 5,183 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This opposition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

This opposition has been prepared in a proportionally spaced typeface using MS Word in 14 point Times New Roman font.

Dated: April 13, 2017

Respectfully submitted,

/s/ David A. Perlson

Charles K. Verhoeven
David A. Perlson
Melissa Baily
John Neukom
Jordan Jaffe
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
(415) 875-6600

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Opposition to Emergency Motion To Stay Pending Resolution of Appeal with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system and served a copy on counsel of record, this 13th day of April, 2017, by the CM/ECF system and by electronic mail to the parties on the service list below.

Miles Ehrlich
Ismail Ramsey
Amy Craig
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
Tel: (510) 548-3600
miles@ramsey-ehrlich.com
izzy@ramsey-ehrlich.com
amy@ramsey-ehrlich.com

*Counsel for Intervenor-Appellant Anthony Levandowski*

Arturo J. Gonzalez
Matthew Ian Kreeger
Daniel Pierre Muino
Eric Akira Tate
Esther Kim Chang
Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Phone: (415) 268-7000
agonzalez@mofo.com
mkreeger@mofo.com
dmuino@mofo.com
etate@mofo.com
echang@mofo.com
mjacobs@mofo.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Hamish Hume
Jessica E Phillips
Kyle Smith
BOIES SCHILLER AND FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
Phone: (202) 237−2727
hhume@bsfllp.com
jphillips@bsfllp.com
ksmith@bsfllp.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Karen Leah Dunn
Martha Lea Goodman
BOIES, SCHILLER AND FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Phone: (202) 237−2727
kdunn@bsfllp.com
mgoodman@bsfllp.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Rudolph Kim
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 813−5869
rudykim@mofo.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Meredith Richardson Dearborn
BOIES SCHILLER FLEXNER LLP
435 Tasso Street, Suite 205
Palo Alto, CA 94301
Phone: (650) 445−6400
mdearborn@bsfllp.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Michelle Ching Youn Yang
MORRISON FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 887−1537
myang@mofo.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Michael Darron Jay
BOIES SCHILLER & FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Phone: (310) 752−2400
mjay@bsfllp.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Wendy Joy Ray
MORRISON & FOERSTER LLP
707 Wilshire Boulevard Suite 6000
Los Angeles, CA 90017
Phone: (213) 892-5200
wray@mofo.com

*Attorneys for Uber Technologies, Inc.,*
*Otto Trucking LLC, and Ottomoto LLC*

Dated: April 13, 2017

/s/ David A. Perlson
Charles K. Verhoeven
David A. Perlson
Melissa Baily
John Neukom
Jordan Jaffe
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
(415) 875-6600

# EXHIBIT A

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 1 | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Summary Report by [redacted] ("Investigation Report") Regarding Investigation Relating to Acquisition of Ottomotto by Uber (the "Due Diligence Investigation"). | AC / WP/JI[1] | Uber In-House Counsel | Investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | Uber affirms that to its knowledge no unauthorized persons have received the Investigation Report. Specifically, to Uber's knowledge the only recipients of this document are the original recipients—those listed in the Recipient(s) column—and Uber's in-house counsel, Ottomotto's in-house counsel, and Outside Counsel of Record in this litigation. Pursuant to a common interest agreement dated April 11, 2016 and entered into by counsel for Uber, counsel for Ottomotto, counsel for A. Levandowski, and counsel for Lior Ron, the recipients of the Investigation Report (including its attachments) were contractually obligated to not disclose it to any other persons except for in-house counsel for Uber, in-house counsel for Ottomotto, outside counsel for those entities, outside counsel for A. Levandowski, and outside counsel for Lior Ron. |
| 2 | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | March 21, 2016 | Attachment to Investigation Report. Memorandum regarding investigation protocol for the Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |

[1] The invocation of the privileges on this log are pursuant to the "Joint Defense, Common Interest, and Confidentiality Agreement" filed with the Court with Anthony Levandowski's motion, filed on April 4, 2017.

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO. | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 3 | John Gardner, Donahue Fitzgerald LLP | [redacted] Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Levine & Baker LLP (outside counsel for Lior Ron) | March 21, 2016 | Correspondence between [redacted] and attorney for A. Levandowski regarding investigation protocol for the Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Correspondence relating to investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |
| 4 | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | March 4, 2016 | Correspondence regarding engagement of [redacted] for purposes of conducting the Due Diligence Investigation and memorandum regarding investigation protocol for the Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Correspondence relating to investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |
| 5 | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | April 2, 2016 | Memorandum regarding [redacted] Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 6 | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | April 12, 2016 | Memorandum regarding analysis of information ascertained from L. Ron during Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |
| 7* | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation [redacted] | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 8* | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation [redacted] | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 9* | [redacted] | Morrison & Foerster LLP (outside counsel for Uber)O'Melveny & Myers LLP (outside counsel for Otto)Donahue Fitzgerald LLP (outside counsel for Levandowski)Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation [redacted] | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 10* | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation [redacted] | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 11 | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | July 28, 2016 | Memorandum regarding investigation methodology for Due Diligence Investigation. | AC / WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

| INDEX NO.** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 12 | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 2, 2016 | Memorandum regarding analysis of information ascertained from potential witnesses during Due Diligence Investigation. | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Memorandum containing the mental impressions, conclusions, and opinions of the author prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 13** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 14** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 15** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 16** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 17* | [redacted] | Morrison & Foerster LLP (outside counsel for Uber)O'Melveny & Myers LLP (outside counsel for Otto)Donahue Fitzgerald LLP (outside counsel for Levandowski)Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | Report generated during Due Diligence Investigation [redacted] | WP/JI | Uber In-House Counsel | Attachment to Investigation Report. Report of forensic analysis prepared as part of investigation conducted at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto in anticipation of potential litigation. | [same as Index No. 1] |
| 18** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 19** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 20** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 21** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 22** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 23** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 24** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*/** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 25** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 26** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber)O'Melveny & Myers LLP (outside counsel for Otto)Donahue Fitzgerald LLP (outside counsel for Levandowski)Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*/** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 27** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber)<br>O'Melveny & Myers LLP (outside counsel for Otto)<br>Donahue Fitzgerald LLP (outside counsel for Levandowski)<br>Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO. | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 28** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1]. |
| 29** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 30** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*, ** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 31** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 32** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 33** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 34** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber)O'Melveny & Myers LLP (outside counsel for Otto)Donahue Fitzgerald LLP (outside counsel for Levandowski)Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 35** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 36** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO.*,** | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 37** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 38** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 39** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.

*Waymo LLC v. Uber Technologies, Inc., et al.*, No. 3:17-cv-00939-WHA (N.D. Cal.)
Defendants' Privilege Log Associated with March 31, 2017 Production of Documents

| INDEX NO. | AUTHOR(S) OF DOCUMENT | RECIPIENT(S) OF DOCUMENT | DATE OF DOCUMENT | SUBJECT MATTER | NATURE OF PRIVILEGE | LOCATION WHERE DOCUMENT WAS FOUND | BASIS FOR UBER'S ASSERTION OF PRIVILEGE | AFFIRMATION OF STEPS TAKEN TO ENSURE CONFIDENTIALITY AND NON-RECEIPT BY UNAUTHORIZED PERSONS |
|---|---|---|---|---|---|---|---|---|
| 40** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 41** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of document for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |
| 42** | [redacted] | Morrison & Foerster LLP (outside counsel for Uber) O'Melveny & Myers LLP (outside counsel for Otto) Donahue Fitzgerald LLP (outside counsel for Levandowski) Levine & Baker LLP (outside counsel for Lior Ron) | August 5, 2016 | [redacted] on | WP/JI | Uber In-House Counsel | Attachment to investigation report prepared at direction of counsel for Uber for purposes of providing legal advice to Uber, in anticipation of litigation, re: due diligence in connection with potential acquisition of Ottomotto. Selection of documents for inclusion in report reflects thought process of investigators retained to perform investigation. | [same as Index No. 1] |

*With respect to memoranda/reports marked with a single asterisk, the reports themselves (which, on their own, constitute work product) are undated. The date of the report/memorandum listed in this log is the date of the Investigation Report.

**With respect to documents marked with two asterisks, the date of the document in this log is listed as the date of the Investigation Report, as it is the selection for and inclusion in that report that forms the basis for the assertion of work product privilege. The author of these documents is listed as [redacted] because it is the entity who selected the documents for inclusion in the Investigation Report. The author of the underlying communication(s)/document(s) is not listed in this privilege log because doing so would reveal the work product over which privilege is being asserted.