No. 17-1904

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

WAYMO LLC,

*Plaintiff-Appellee*

*v.*

UBER TECHNOLOGIES, INC.,
OTTO TRUCKING LLC, OTTOMOTTO LLC,

*Defendants*

ANTHONY LEVANDOWSKI,

*Intervenor-Appellant*

Appeal from the United States District Court for the Northern District of California in case no. 3:17-CV-00939, Judge William H. Alsup.

**INTERVENOR-APPELLANT ANTHONY LEVANDOWSKI'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY PENDING RESOLUTION OF APPEAL**

ISMAIL RAMSEY
MILES EHRLICH
AMY CRAIG
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
Phone: (510) 548-3600

*Counsel for Intervenor-Appellant Anthony Levandowski*

April 14, 2017

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, counsel of record for Intervenor-Appellant Anthony Levandowski certifies as follows:

1. The full name of every party represented by our firm is:

Anthony Levandowski.

2. The names of the real parties in interest represented by our firm are:

Not applicable.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties represented by our firm are:

Not applicable.

4. The names of all law firms and the partners or associates that appeared for the parties represented by us in the trial court, or are expected to appear in this Court, and who have not or will not enter an appearance in this case are:

Not applicable.

Dated: April 14, 2017

Respectfully submitted,

*/s/ Amy Craig*

Miles Ehrlich
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich LLP
803 Hearst Avenue
Berkeley, CA 94710
Tel: (510) 548-3600

***Counsel for Intervenor-Appellant Anthony Levandowski***

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST .......... ii

TABLE OF CONTENTS .......... iii

TABLE OF AUTHORITIES .......... iv

I. THIS COURT HAS JURISDICTION .......... 1

II. MR. LEVANDOWSKI'S FIFTH AMENDMENT RIGHTS ARE AT ISSUE .......... 6

CERTIFICATE OF SERVICE .......... 9

CERTIFICATE OF COMPLIANCE .......... 12

# TABLE OF AUTHORITIES

## Cases

*Bauman v. United States District Court*,
557 F.2d 650 (9th Cir. 1977) .......... 5

*Castle v. Sangamo Weston, Inc.*,
744 F.2d 1464 (11th Cir. 1984) .......... 4

*Cheney v. United States District Court*,
542 U.S. 367 (2004) .......... 5

*City of Las Vegas v. Foley*,
747 F.2d 1294 (9th Cir. 1984) .......... 5

*Doe v. United States*,
749 F.3d 999 (11th Cir. 2014) .......... 3, 4

*Fisher v. United States*,
425 U.S. 391, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976) .......... 6

*In re Optical Disk Drive Antitrust Litigation*,
801 F.3d 1072 (9th Cir. 2015) .......... 3, 4

*Int'l Horizons, Inc. v. Comm. of Unsecured Creditors*,
689 F.2d 996 (11th Cir. 1982) .......... 4

*Mohawk Industries, Inc. v. Carpenter*,
558 U.S. 100 (2009) .......... 2, 3

*Ross v. City of Memphis*,
423 F.3d 596 (6th Cir. 2005) .......... 3, 4

*Silva v. United States*,
51 F.3d 203 (9th Cir. 1995) .......... 5

*United States v. Henke*,
222 F.3d 633 (9th Cir. 2000) .......... 7

*United States v. Krane*,
625 F.3d 568 (9th Cir. 2010) ....................................................................3

*United States v. Sideman & Bancroft, LLP*,
704 F.3d 1197 (9th Cir. 2013) ..................................................................6

*Velsicol Chemical Corp. v. Parsons*,
561 F.2d 671 (7th Cir. 1977) ....................................................................3

**<u>Statutes</u>**

28 U.S.C. § 1291.......................................................................................2

28 U.S.C. § 1651(a) ..................................................................................5

Appellant-Intervenor Anthony Levandowski has filed an emergency motion to stay an order of the United States District Court for the Northern District of California. As discussed in Mr. Levandowski's opening papers, the district court's order would require Uber Technologies, Inc. — a party in the underlying civil litigation — to disclose on a privilege log potentially incriminating information it may have learned from Mr. Levandowski under the auspices of a common interest agreement. Pursuant to this Court's April 13, 2017 order, Mr. Levandowski submits this brief reply to address the necessity of a stay of the district court's order while the appeal proceeds.

Most of the issues before the Court are already well defined. Waymo LLP's opposition brief primarily parrots the reasoning of the district court order, which Mr. Levandowski addressed in his opening papers. Accordingly, we confine the arguments in this brief to two questions: (1) whether this Court has jurisdiction to hear this appeal; and (2) whether the Fifth Amendment jurisprudence applies to this situation in which Uber stands in Mr. Levandowski's shoes. The answer is "yes" to both questions.

## I. THIS COURT HAS JURISDICTION

This Court may hear this interlocutory appeal because, absent the opportunity to appeal now, Mr. Levandowski would have no other way to protect his Fifth Amendment privilege.

Waymo contends that this appeal is not permissible under 28 U.S.C. § 1291 because the district court's order was not a final order. Oppo. at 9-11. But Waymo's cramped construction of this Court's appellate jurisdiction misconstrues the law. In *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), the Supreme Court provided a useful summary of the limited class of interlocutory appeals that serve as exceptions to the general rule espoused in § 1291:

> By statute, courts of appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. A "final decisio[n]" is typically one "by which a district court disassociates itself from a case." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995). This Court, however, "has long given" § 1291 a "practical rather than a technical construction." [*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)]. As we held in *Cohen*, the statute encompasses not only judgments that "terminate an action," but also a "small class" of collateral rulings that, although they do not end the litigation, are appropriately deemed "final." *Id.*, at 545-546, 69 S. Ct. 1221, 93 L. Ed. 1528. "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint*, 514 U.S., at 42, 115 S. Ct. 1203, 131 L. Ed. 2d 60.

*Id*. at 106. In *Mohawk*, the Court determined that, under the three factors set forth in *Swint*, a court of appeals should not hear an interlocutory appeal *by a party* to a civil matter who is ordered to produce records over an objection that the records are privileged. *Id*. at 107-14. "*Mohawk* forecloses interlocutory appeal of some district court orders in reliance on the fact that 'postjudgment appeals generally

suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege.'" *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010) (quoting *Mohawk*, 558 U.S. at 109). But the same rationale does not apply to interlocutory orders that *cannot* be cured with a post-judgment appeal; when an order requiring production of information would deprive the privilege holder "of the opportunity to challenge the subpoena," the so-called *Perlman* doctrine permits an appeal. *Id*. at 573.

Waymo seems to suggest that the *Perlman* rule is limited to situations in which the entity to whom the discovery request is directed is not a party to the litigation. Oppo. at 9. Indeed, many of the *Perlman* cases involve such situations. *See, e.g., In re Optical Disk Drive Antitrust Litigation*, 801 F.3d 1072, 1076 (9th Cir. 2015). But the justification for permitting an interlocutory appeal is just as strong in situations like the case at bench, where the responding entity is a party. As the Eleventh Circuit recently explained in a carefully-reasoned opinion, the "logic" of the *Perlman* doctrine is to create an exception to the general bar against interlocutory appeals when a privilege holder such as an intervenor would be unable to remedy the disclosure of privileged information by appealing from a final judgment. *Doe v. United States*, 749 F.3d 999, 1004-07 (11th Cir. 2014); *see also Ross v. City of Memphis*, 423 F.3d 596, 599-600 (6th Cir. 2005); *c.f. Velsicol Chemical Corp. v. Parsons*, 561 F.2d 671, 674 (7th Cir. 1977) ("Basically the

rationale behind the *Perlman* exception is that the second party (appealing party), who has not received the order or subpoena, should not be expected to rely on the recipient to risk contempt in order to exercise the intervenor-second party's rights."). Here, as in *Doe,* Mr. Levandowski is an intervenor and "[a]bsent an interlocutory appeal, . . . would be left with no recourse to appeal the disclosure order" under consideration. *Id*. at 1006; *see also Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1465-66 (11th Cir. 1984) (exercising jurisdiction because the appellant "claims a privilege of non-disclosure relating to materials that another party has been directed to produce"); *Int'l Horizons, Inc. v. Comm. of Unsecured Creditors (In re Int'l Horizons, Inc.)*, 689 F.2d 996, 1001-02 (11th Cir. 1982) (holding that an order compelling production of allegedly privileged material is immediately appealable because "the privilege-holder has no power to compel the custodian of the material to risk a contempt citation for his refusal to comply" (internal quotation marks omitted)).

Waymo also contends that the Court lacks jurisdiction because the *Perlman* doctrine does not apply in the context of civil litigation. Waymo Oppo. at 10. Waymo is simply incorrect. In *In re Optical Disk Drive Antitr. Litig.*, 801 F.3d at 1076, an appeal from a civil case, the Ninth Circuit Court of Appeals accepted jurisdiction under the *Perlman* doctrine. *Id*. at 1076; *see also, e.g., Ross*, 423 F.3d at 599-600 (accepting jurisdiction under the *Perlman* doctrine in a civil matter).

Waymo further asserts that Uber is not sufficiently "disinterested" in Mr. Levandowski's privilege to justify application of the *Perlman* doctrine. Oppo. at 9-10. Again Waymo is wrong. The Ninth Circuit recently concluded that the *Perlman* doctrine may apply when the appellant's former attorney is in possession of allegedly privileged materials; "[s]uch third parties . . . may be likely to forgo suffering a contempt citation and appealing in favor of disclosure." *Krane*, 625 F.3d at 573; *see also Silva v. United States (In re Grand Jury Subpoena Issued to Bailin)*, 51 F.3d 203, 205-06 (9th Cir. 1995). Surely the doctrine applies with similar force when the possessor is a co-participant in a common interest agreement.

For all of the above reasons, this Court has jurisdiction to hear this interlocutory appeal. However, should the Court find that it does not have appellate jurisdiction under the *Perlman* or related doctrines, Mr. Levandowski requests that the Court construe this matter as seeking a writ of mandamus. *See* 28 U.S.C. § 1651(a); *Cheney v. United States District Court*, 542 U.S. 367, 380 (2004); *Bauman v. United States District Court*, 557 F.2d 650, 654-55 (9th Cir. 1977); *City of Las Vegas v. Foley*, 747 F.2d 1294, 1296-97 (9th Cir. 1984).

## II. MR. LEVANDOWSKI'S FIFTH AMENDMENT RIGHTS ARE AT ISSUE

Waymo also joins the district court in a mistaken interpretation of *Fisher v. United States*, 425 U.S. 391 (1976) and its progeny. Waymo, like the district court below, suggests that Mr. Levandowski's Fifth Amendment privilege against self-incrimination is irrelevant here because Uber is the entity from whom discovery is sought, not Mr. Levandowski himself. Oppo. at 13 (citing District Court Order [Dkt. 202] at 8). The law does not support the result Waymo seeks.

The Ninth Circuit explained the applicable principles in *United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197 (9th Cir. 2013):

> The Fifth Amendment grants persons the privilege not to provide the State with [self-incriminatory] evidence of a testimonial or communicative nature . . . This protection . . . extends to prevent an individual's attorney from being compelled to produce documents if that production would violate the individual's Fifth Amendment rights. In *Fisher v. United States*, 425 U.S. 391, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976), the Supreme Court explained that where an individual transfers documents to his or her attorneys to obtain legal assistance in tax investigations, those documents, "if unobtainable by summons from the client, are unobtainable by summons directed to the attorney by reason of the attorney-client privilege." *Id.* at 405. Accordingly, [an attorney] does not have to produce . . . tax records if doing so violates [the client]'s Fifth Amendment rights.

*Id*. at 1201-02 (some citations and quotations marks omitted, first alteration in original). Thus, while it is true that *Fisher*'s holding relied on application of the attorney-client privilege, it is also true that the central question in *Fisher, Sideman & Bancroft*, and other such cases was whether the client in the attorney-client

relationship had a Fifth Amendment privilege not to reveal the information possessed by the attorney. If the Fifth Amendment privilege applied, and the client could show that the information was conveyed in a privileged manner, then the attorney was permitted to invoke the constitutional privilege on the client's behalf. *Id*.

As explained in our opening papers, this case is similar except for one small wrinkle: while *Fisher* and *Sideman & Bancroft* involved garden-variety attorney-client relationships, here the possessor of the information came into its possession in the course of a common interest or joint-defense relationship. But as also explained in our opening papers, that is a distinction without a difference — a common interest agreement is "an extension of the attorney-client privilege." *United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000); *see* Mtn. at 13-17. Because potentially incriminating information may have been revealed to Uber in the course of privileged communications, Uber must assert Mr. Levandowski's Fifth Amendment privileges on his behalf.

Dated: April 14, 2017

Respectfully submitted,

*/s/ Amy Craig*
Miles Ehrlich
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich LLP
803 Hearst Avenue
Berkeley, CA 94710
Tel: (510) 548-3600

***Counsel for Intervenor-Appellant Anthony Levandowski***

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Brief for Intervenor-Appellant Anthony Levandowski with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system and served a copy on counsel of record, this 14th day of April, 2017, by the CM/ECF system and by electronic mail to the parties on service list below.

Charles Kramer Verhoeven
Andrew Michael Holmes
David Andrew Perlson
Felipe Corredor
Grant Nicholas Margeson
James Dubois Judah
Jeffrey William Nardinelli
John William McCauley, IV
John M. Neukom
Jordan Ross Jaffe
Lindsay Cooper
Melissa J. Baily
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Phone: (415) 875-6600
charlesverhoeven@quinnemanuel.com
drewholmes@quinnemanuel.com
davidperlson@quinnemanuel.com
felipecorredor@quinnemanuel.com
grantmargeson@quinnemanuel.com
jamesjudah@quinnemanuel.com
jeffnardinelli@quinnemanuel.com
johnmccauley@quinnemanuel.com
johnneukom@quinnemanuel.com
jordanjaffe@quinnemanuel.com
lindsaycooper@quinnemanuel.com
melissabaily@quinnemanuel.com

*Attorneys for Waymo LLC*

Arturo J. Gonzalez
Matthew Ian Kreeger
Daniel Pierre Muino
Eric Akira Tate
Esther Kim Chang
Michael A. Jacobs
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105
Phone: (415) 268−7000
agonzalez@mofo.com
mkreeger@mofo.com
dmuino@mofo.com
etate@mofo.com
echang@mofo.com
mjacobs@mofo.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Hamish Hume
Jessica E Phillips
Kyle Smith
**Boies Schiller and Flexner LLP**
1401 New York Ave., NW
Washington, DC 20005
Phone: (202) 237−2727
hhume@bsfllp.com
jphillips@bsfllp.com
ksmith@bsfllp.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Karen Leah Dunn
Martha Lea Goodman
**Boies, Schiller and Flexner LLP**
5301 Wisconsin Avenue, NW
Washington, DC 20015
Phone: (202) 237−2727
kdunn@bsfllp.com
mgoodman@bsfllp.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Rudolph Kim
**Morrison & Foerster LLP**
755 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 813−5869
rudykim@mofo.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Meredith Richardson Dearborn
**Boies Schiller Flexner LLP**
435 Tasso Street, Suite 205
Palo Alto, CA 94301
Phone: (650) 445−6400
mdearborn@bsfllp.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Michelle Ching Youn Yang
**Morrison Foerster LLP**
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 887−1537
myang@mofo.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Michael Darron Jay
**Boies Schiller & Flexner LLP**
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Phone: (310) 752−2400
mjay@bsfllp.com

*Attorneys for Uber Technologies, Inc., Otto Trucking LLC, and Ottomoto LLC*

Wendy Joy Ray
**Morrison & Foerster LLP**
707 Wilshire Boulevard Suite 6000
Los Angeles, CA 90017
Phone: (213) 892-5200
wray@mofo.com

*Attorneys for Uber Technologies, Inc.,*
*Otto Trucking LLC, and Ottomoto LLC*

Dated: April 14, 2017

*/s/ Amy Craig*
AMY CRAIG
RAMSEY & EHRLICH LLP
*Counsel for Intervenor-Appellant*
*Anthony Levandowski*

## CERTIFICATE OF COMPLIANCE

Counsel for Intervenor-Appellant hereby certifies that:

1. The brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because exclusive of the exempted portions it contains 1,745 words as counted by the word processing program used to prepare the brief; and

2. The brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Office Word 2010 in a proportionally spaced typeface: Times New Roman, font size 14.

Dated: April 14, 2017

*/s/ Amy Craig*
AMY CRAIG
RAMSEY & EHRLICH LLP
*Counsel for Intervenor-Appellant*
*Anthony Levandowski*