NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WAYMO LLC,**
*Plaintiff-Appellee*

**v.**

**UBER TECHNOLOGIES, INC., OTTO TRUCKING LLC, OTTOMOTTO LLC,**
*Defendants*

**ANTHONY LEVANDOWSKI,**
*Intervenor-Appellant*

---

2017-1904

---

Appeal from the United States District Court for the Northern District of California in No. 3:17-cv-00939-WHA, Judge William H. Alsup.

---

**ON PETITION FOR WRIT OF MANDAMUS**

---

Before LOURIE, O'MALLEY, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Anthony Levandowski, an intervenor, petitions for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order directing defendants to produce an unredacted privilege log and to stay, pending resolution of the mandamus petition, production of the unredacted privilege log.

Waymo brought this suit against Uber Technologies, Inc., Ottomotto LLC, and Otto Trucking LLC (collectively, "Uber"), alleging trade secret misappropriation, patent infringement, and unfair competition. Waymo's complaint alleges that, before leaving Waymo as an employee, Mr. Levandowski downloaded over 14,000 files containing Waymo's trade secrets and proprietary information pertaining to self-driving cars, transferred them to a portable storage device, wiped the laptop clean, and then left with the downloads to start competing autonomous-vehicle ventures, Ottomotto and Otto Trucking. Uber acquired those companies in August 2016 for $680 million to develop its own self-driving car program.

The district court ordered that the defendants serve the unredacted privilege log (part two of the order) and set the schedule for briefing a motion to compel production of a due diligence report (part three of the order). The district court allowed Mr. Levandowski to intervene to move for the district court to modify its standing order on privilege logs so that defendants could redact information related to a due diligence report. Mr. Levandowski argued that compelling disclosure of information concerning the due diligence report and the third party that prepared said report would infringe upon his right against self-incrimination under the Fifth Amendment and would violate the attorney-client privilege that arose from the joint defense agreement. On April 10, 2017, the district court issued an order denying the motion to modify. Mr. Levandowski appealed. On April 13, 2017, this court issued an order that temporarily stayed parts

two and three of the district court's order pending consideration of the motions papers.

Because Mr. Levandowski is not a party to this action and the order about which he complains is directed to Uber, not him, we treat his appeal as a petition for writ of mandamus, an alternative he suggested. Mandamus is a drastic remedy reserved for extraordinary situations. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). "The federal courts traditionally have used the writ only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289 (1988) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). The burden is on the petitioner to establish that his right to issuance of the writ is clear and indisputable, *Allied*, 449 U.S. at 35, and that there is no other adequate remedy to attain the desired relief. *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989).

Mr. Levandowski argues that he is entitled to relief under the Fifth Amendment because production of the unredacted privilege log could potentially incriminate him. We are not persuaded that the district court erred in its ruling requiring defendants to produce an unredacted privilege log. Mr. Levandowski has therefore failed to establish that he has a "clear and indisputable" right to the issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for writ of mandamus is denied.

(2) The motion for stay is moot.

(3) The court's April 13, 2017 order is vacated. The temporary stay of the district court's order is lifted.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s32